```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

WENDELL TODD ANTILL,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.                                  Civil Action No. 2:21-cv-00419

21ST CENTURY MORTGAGE
COPORATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion to remand this action to Boone County Circuit Court, filed on July 30, 2021 (ECF No. 4).

### I.  Background

The plaintiff commenced this action on June 15, 2021, by filing his complaint in Boone County Circuit Court. See ECF No. 1-1 at 7-14. The complaint was served on the defendant on June 28, 2021. See id. at 4. In his complaint, the plaintiff alleges that the defendant, a home mortgage lender that is not a citizen of West Virginia, charged attorney's fees in excess of the amount permitted by the agreement between them. See id. at 7-14. Specifically, the plaintiff alleges that, in response to

his two requests for a payoff quote, the defendant twice calculated $27,194.25 in legal fees as part of the amount needed to pay off the remaining balance of the plaintiff's loan. See id. at 8. He also alleges that an unspecified portion of the $27,194.25 figure exceeded the amount permitted by the agreement and by law and that the two payoff quotes provided by the defendant amounted to two instances of attempted debt collection. Id. at 8-9. The plaintiff further alleges that an unspecified portion of loan payments he remitted were applied to charges for attorney's fees. See id. at 9.

The plaintiff's complaint asserts three causes of action – breach of contract, unjust enrichment, and violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA") – for himself and on behalf of a class of others similarly situated. See id. at 7-14. The complaint "tentatively define[s]" the putative class as "all borrowers who were charged attorney['s] fees by [the] [d]efendant in excess of those allowed by [c]ontract" and "who were charged attorney's fees at an excess rate." Id. at 9. The complaint also says that plaintiff brings it "on behalf of a class of West Virginia consumers," as the defendant has obtained the allegedly illicit fees "by leveraging its position of power over West Virginia homeowners." Id. at 7. The complaint contains no allegation or

indication regarding the size of the class, the amount that each class member or all members in the aggregate were overcharged for attorney's fees, or the number of instances each class member or all members in the aggregate were subjected to debt collection efforts by the defendant.

The complaint seeks "[a]ctual and compensatory damages" for the named plaintiff, "general and special damages" for the class members, "statutory damages" under the WVCCPA for both the named plaintiff and the class members, as well as "interest, costs, and attorney['s] fees" for the named plaintiff and the class members. Id. at 14.

On July 26, the defendant filed a notice of removal in this court. See ECF No. 1. The notice asserted that the court would have original jurisdiction pursuant to 28 U.S.C. § 1332 because "there is complete diversity between the parties and the amount in controversy is greater than $75,000.00." Id. (citing 28 U.S.C. §§ 1332, 1441, 1453). Although the defendant noted the class claims in the plaintiff's complaint, the defendant did not assert that the class amount in controversy exceeds the $5,000,000.00 threshold applicable to class actions in which complete diversity is lacking. See 28 U.S.C. § 1332(d).

In his briefing on the current motion, the plaintiff argues that, pursuant to the complaint's allegations, the amount

3

in controversy with respect to the allegedly illicit fees the defendant charged to him is significantly less than $75,000.00. See ECF No. 5. The plaintiff also argues that the defendant failed to present evidence that the amount in controversy exceeds $75,000.00. See id. He further argues that the notice of removal did not assert that the amount in controversy exceeded the $5,000,000.00 threshold under § 1332(d). See id. The plaintiff asks that the action be remanded to state court and that he be awarded reasonable fees and costs resulting from the removal. See id.

In a one-page response brief, the defendant states that, "[b]ased upon [the] [p]laintiff's stated position . . . that the alleged damages value of this case is 'significantly less that $75,000.00,' [the] [d]efendant does not oppose" the motion to the extent it seeks remand of the action to state court. ECF No. 8 at 1. However, the defendant "requests . . . all other relief requested" in the plaintiff's motion – presumably the request for an award of fees and costs – "be denied." Id.

II.   Discussion

A.   <u>Remand</u>

Under the statute governing federal removal jurisdiction, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If at any time prior to final judgment "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

One source of original jurisdiction is diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332. "Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant." <u>Wurts v. Branch Banking & Tr. Co.</u>, 402 F. Supp. 3d 335, 336 (S.D.W. Va. 2019). A defendant filing a notice of removal based on diversity jurisdiction need only plausibly allege that complete diversity exists and that the amount in controversy exceeds $75,000.00. <u>See</u> <u>Ellenberg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 200 (4th Cir. 2008). However, if the plaintiff challenges removal, the defendant bears the burden of

5

demonstrating that removal is proper based on diversity jurisdiction. See Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (citing Strawn v. AT & T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008)). Thus, if removal is challenged, the defendant has the burden of demonstrating that complete diversity exists and that the amount in controversy exceeds $75,000.00.

Here, the defendant has alleged that there is complete diversity, and the plaintiff does not challenge the assertion. There is no dispute that the named plaintiff is a West Virginia citizen and that the defendant is not a West Virginia citizen. Although the complaint contains no allegations regarding the citizenship of the putative class, it refers to them as "West Virginia homeowners" and "West Virginia consumers." ECF No. 1-1 at 7. While these references are likely insufficient for the defendant to meet its burden to demonstrate complete diversity, see Scott, 865 F.3d at 195-96, the court declines to decide the complete-diversity issue because, as explained below, even assuming there is complete diversity, the defendant has failed to demonstrate the amount in controversy exceeds $75,000.00.

Although the defendant has conceded that remand is proper based on the amount-in-controversy requirement, the court declines to acquiesce to the concession. The defendant states

6

that its concession is "[b]ased upon [the] [p]laintiff's stated position . . . that the alleged damages value of this case is 'significantly less that $75,000.00.'"  ECF No. 8 at 1.  That is not the plaintiff's stated position.  Instead, the plaintiff has argued that "the actual attorneys' fees charged by the [d]efendant to [the named] [p]laintiff are only $27,194.25" and "<u>this</u> amount" – even if all of it were alleged to be illegally charged to the named plaintiff – is "significantly less than the $75,000 necessary for diversity jurisdiction."  ECF No. 5 at 1 (emphasis added).  The plaintiff goes on to argue that the defendant has failed to demonstrate, based on evidence or the allegations in the complaint, that the amount in controversy with respect to the class claims, when added to the indeterminant amount in controversy with respect to the named plaintiff's claims, exceeds $75,000.00.  <u>See</u> ECF No. 5 at 4-7.

Rather than rely on the defendant's concession, the court concludes that the defendant has failed to demonstrate the amount in controversy exceeds $75,000.00.  "Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal."  <u>Bartnikowski v. NVR, Inc.</u>, 307 F. App'x 730, 734 (4th Cir. 2009).  "If a complaint 'does not allege a specific amount of damages, the removing defendant must prove by a preponderance of

7

the evidence that the amount in controversy exceeds $75,000.'" Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (brackets omitted) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).

The defendant has failed to demonstrate the amount in controversy exceeds $75,000.00. First, even putting aside its concession, the defendant has failed to argue that the amount-in-controversy threshold has been met. Second, aside from perhaps relying on the allegations in the complaint, the defendant has presented no evidence that the amount in controversy exceeds $75,000.00. And, the complaint's allegations are insufficient for the defendant to meet its burden. With respect to the named plaintiff, the entire amount of attorney's fees he alleges he was charged, $27,194.25, coupled with the maximum statutory penalty for the two alleged WVCCPA violations would not exceed $75,000.00. See Woodfell v. Gateway Mortg. Grp., LLC, No. 2:19-cv-00658, 2020 WL 3964758, at *6 (S.D.W. Va. July 13, 2020) (describing WVCCPA penalty calculation). Without further evidence or argument from the defendant, any additional amounts that might be included in determining the amount in controversy would be the result of speculation as to the fees and costs assessable as to the plaintiff and other class members under the WVCCPA, the size of

the putative class, the actual damages the class might recover from the alleged overcharging, and the number of alleged WVCCPA violations experienced by the class. See id. at 6-7. Reliance on such speculation is not sufficient for the defendant to meet its burden to demonstrate by a preponderance that the amount in controversy exceeds $75,000.00. See Scott, 865 F.3d at 196-97.

Because the defendant has failed to meet its burden to demonstrate that the court has diversity jurisdiction, the court grants the plaintiff's motion to remand this action to state court.

B. Award of costs and fees

"An order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Although defendant did not meet its burden to establish by a preponderance of the evidence that diversity jurisdiction exists, both complete diversity and the amount in controversy are ambiguous in the plaintiff's complaint. The

court cannot say that the defendant's allegations in the notice of removal that complete diversity exists and that the amount in controversy exceeds $75,000.00 is not plausible.  The court finds that the defendant had an objectively reasonable basis for removal that warranted development, and thus the court declines to award plaintiff costs and fees resulting from the removal.  See Woodfell, 2020 WL 3964758, at *7 (declining to award costs and fees in similar circumstances).

### III. Conclusion

For the foregoing reasons, it is ORDERED that the plaintiff's motion to remand (ECF No. 4) be, and hereby it is, granted insofar as it requests that this action be remanded and denied insofar as it requests an award of costs and fees.  It is accordingly further ORDERED that this action be, and hereby it is, remanded for all further proceedings to Boone County Circuit Court.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record and any unrepresented

parties and a certified copy to the clerk of court for Boone County Circuit Court.

                                                  ENTER: August 16, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge

11